L. F. Boulware, et al., v. J. H. Louden, et al.
Willis Henderson v. S. F. Boulware.
Eli Louden, et al., v. S. F. Boulware, et al.

**Attachment—Priority—Pleading Conclusion.**
Where plaintiff begins attachment proceedings against a defendant under a wrong name and had to begin over again, his first action does not give him priority over those filing attachment proceedings after his first suit was begun.

**Pleading Conclusion.**
A pleading must set forth facts, and no issue of fact is raised where conclusions are pleaded.

APPEAL FROM OLDHAM CIRCUIT COURT.

September 28, 1874.

Opinion by Judge Lindsay:

Henderson's attachment was six days the junior of that of Boulware, and even if it be true that the necessary amendment to their affidavits affected the question of priority, the fact that Henderson had been proceeding against James S. instead of James H. Louden up to the time of the correction made by these amended affidavits, and that he had then to commence his action *de novo,* prevents him from claiming anything on this account. Hence, on Henderson's appeal against Boulware the judgment is *affirmed.*

The proof shows beyond all doubt that before Mrs. Louden consented for her husband to receive her estate, he agreed to invest at least a portion of it in the fifty-four acre tract of land that the court refused to subject to the payment of her husband's debts.

She fails, however, to show that the agreement related to the re-mainder of the attached land.

On the appeal of *Boulware and Henderson v. Mrs. Louden and her children,* and on their cross-appeal against Boulware and Henderson, the judgment is also affirmed. The petition of Eli Louden shows no right of action in him. He says that "James Louden being indebted to the government of the United States for internal revenue tax, in the sum of $———, that the land in controversy was seized and sold," etc. The averment that James Louden was so indebted is but the statement of a conclusion of law. He should have stated the facts from which the deduction was drawn. If Louden pursued any calling or vocation, or owned any property specifically taxed by the general government, these facts should have been stated; as it is, no issue of fact could be raised in the most material averment in his petition. His claim was properly disregarded. On his appeal the judgment is also *affirmed.*

*John Rodman, William Correll, George C. Drane, for appellants.*
*J. M. Harlan, for appellees.*